ERMINNIE WOLF, Respondent, v. J. H. HALLIBUR-
TON & SON, Appellants.

**Kansas City Court of Appeals, November 6, 1905.**

**SALES: Fraudulent Representations: Evidence.** Testimony relat-
ing to the sale of a cloak is reviewed and found without fraud-
ulent ·representation on the part of the vendor. The purchaser
having personally examined the cloak and tried it on and then
afterward paid for it, cannot rescind on a mere change of
·opinion as to its fitting her.

Appeal from Sullivan Circuit Court.—*Hon. John P.
Butler,* Judge.

REVERSED.

*Wattenbarger & Bingham* for appellants.

(1) Under respondent's own testimony she is not
entitled to recover, as she had an opportunity to examine
the cloak and did so, to her satisfaction, before paying
for it. She had every opportunity to use her senses be-
fore she consummated the deal. She cannot now be
heard to complain. Mires v. Summerville, 85 Mo. App.
183, and cases cited. (2) Under such circumstances
the law presumes that one will take care of himself.
Cahn v. Reid and Bungardt, 18 Mo. App. 115. (3)
There was not a scintilla of evidence of any fraud prac-
ticed on respondent as to the transaction, consequently
that issue should have been eliminated from the case.
Hence its injection into appellant's instruction num-
bered 2 by the court's modification of said instruction,
is reversible error. Wood v. Murphy, 47 Mo. App. 539.

*Wilson & Clapp* for respondent.

(1) Where goods are sold by size or other exact
description there is always an implied warranty that
the goods are of the kind, size or description contracted

for. Long Bros. v. Armsby, 43 Mo. App. 253; Voss v. Maguire, 18 Mo. App. 477; Iron Co. v. Holbeek, 109 Mo. App. 179; Steel & Wire Co. v. Symons, 110 Mo. App. 41. (2) The vendee of a chattel may, upon a breach of warranty thereof, rescind the contract, return the property within a reasonable time and recover the purchase money paid. Johnson v. Agricultural Co., 20 Mo. App. 100; Branson v. Turner, 77 Mo. 489; Kerr v. Emerson, 64 Mo. App. 159; Manley v. Mfg. Co., 103 Mo. App. 135. (3) A party defrauded in a contract has his election of remedies. He may stand to the bargain even after he has discovered the fraud and recover damages on account of it, or he may rescind the contract and recover back what he paid. Parker v. Marquis, 64 Mo. 38; Miller v. Crigler, 83 Mo. App. 1. c. 401.

ELLISON, J.—Plaintiff bought a cloak from defendants who are retail merchants. She charged fraud in the sale and brought this action to recover the purchase money she paid them. She was successful in the trial court.

The fraud charged consisted in alleged false representations as to its size. The evidence wholly failed to make a case for the plaintiff. It appears that about two weeks prior to the time of her purchase she had been in defendants' store and tried on a brown cloak marked as size 34, and on the day of the purchase she telephoned them to send to her residence (or the residence where she was stopping at the time) the cloak she had tried on. Defendants, in response to this, sent two cloaks to her by their clerk, one a brown color marked size 34 and one of another color. She directed the clerk to leave them and she would make her selection. After he left she had one or more ladies who were with her to try on the brown cloak. Then she put it on herself before a mirror. It met the approbation of her friends and herself and she decided to keep it. She afterwards, during the same day, went to defendants' store, told

them she had decided to keep the brown cloak and paid them for it. On the next day she concluded that the cloak was too large—she thought it was large as a size 38. The next afternoon she took the cloak to the store, offered to return it and demanded back her purchase money. Defendants refused to accept it and refused to refund the money. She went out, leaving it on defendants' counter.

There is no evidence whatever of fraudulent representations. On the contrary the testimony of plaintiff herself shows an open, fair and complete sale. · She took the cloak for decision and inspection. There was no hidden defect about it. She tried it on and was satisfied and so were her friends. Defendants by themselves or agents were not present, and in no way interfered with an exercise of her own judgment and taste. She decided that it suited her and afterwards paid for it. It is. true that she stated that when she put on the cloak it was not with a view of seeing if it fitted her, and that she also put on her furs. Though not doubting the entire honesty of her statement, we cannot understand for what purpose she would try it on if not to see if it fitted, since she stated that she was fully satisfied with the color and material. The truth is, that it was merely a case of afterchange of notion developing into dissatisfaction which merchants frequently humor, though they cannot be legally compelled to do so.

The verdict of the jury, under instructions from the court, should have been for defendants. For cases not parallel but of a like principle see Cahn v. Reed, 18 Mo. App. 115. The judgment is reversed. All concur.